UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| PHILLIP M. SHIPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2020 CV |
| | ) | |
| Officer Jeff Zalaznik, in his individual | ) | |
| Capacity, Officer Patrick Shippert, in his | ) | |
| Individual Capacity, Officer Michael | ) | |
| Thompson, in his individual capacity, and | ) | |
| Officer Jo Lynn Sanders (nka) Marcum, | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT

NOW COMES, the Plaintiff Phillip M. Shipp, by and through his attorney, Rene Hernandez and the Law Office of Rene Hernandez, P.C. and bringing forth his Complaint against Defendants, Officer Jeff Zalaznik, Officer Patrick Shippert, Officer Michael Thompson, and Officer Jo Lynn Sanders (kna) Marcum, and sets forth as follows:

1. This is a civil action seeking damages against the defendants for committing acts under the color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States. Defendants while acting in their capacities as police officers in the City of Freeport, County of Stephenson, State of Illinois deprived Plaintiff of his liberty without due process of law, made an unreasonable search and seizure of the person and property of Plaintiff, and deprived plaintiff of his property without due process of law, thereby depriving plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

2. The Court has jurisdiction under 42 U.S.C. § 1983 and under 28 U.S.C. § 1343, in addition to 28 U.S.C. § 1331.

3. This matter is properly before this Court as all incidents complained of occurred in the City of Freeport, County of Stephenson, and State of Illinois.

4. Plaintiff is a United States citizen and resident of the State of Illinois.

5. Defendants, Officer Jeff Zalaznik, Officer Patrick Shippert, Officer Michael Thompson, and Officer Jo Lynn Sanders (kna) Marcum were at all times material to this complaint , duly appointed police officers for the City of Freeport. At all times material to this complaint, these defendants acted toward Plaintiff under the color of the statutes, ordinances, customs, and usage of the State of Illinois, City of Freeport, and the Freeport Police Department.

6. Plaintiff sues all Defendants in their individual capacities.

## COUNT I

7. Plaintiff alleges and realleges Paragraphs 1 through 6 as though full set forth here.

8. On the early morning of January 31, 2009, the Plaintiff was walking with a Denise Dickens southbound on Miami Avenue, Freeport, Illinois.

9. They were on the east side of the street at or about 500 block of Miami Avenue. The street and sidewalks were covered with snow.

10. At or about this time, a 911 call was made to the Freeport Police about a fight involving weapons and possibly guns. Officers were dispatched to the intersection of Iroquois Street and Miami Avenue in Freeport, Illinois.

11. No information describing the people involved in the fight was provided.

12. No officers observed or witnessed the fight.

13. There was no information provided about the reliability of the 911 call.

14. Defendant Officer Zalaznik arrived on the scene where he saw two individuals (later determined to be the Plaintiff and Denise Dickens) walking south on Miami Avenue.

15. Defendant Zalaznik did not observe anything unusual or illegal about the couple's activity.

16. There were large piles of snow along the sides of the streets in the general area, with some driveways and intersections blocked by plowed snow.

17. The Plaintiff and Ms. Dickens did not appear to be agitated, sweating, or out of breath and they were not doing anything unusual. Their clothing was not disheveled, and the Plaintiff did not have any injuries or marks consistent with a fight.

18. At this point Officer Zalaznik, while remaining in his car, asked if they had been involved in, or knew of, any fights. The Plaintiff and Ms. Dickens said no and continued walking.

19. Officer Zalaznik got out of his squad car and asked them to stop. He further stated he was investigating a 911 call and asked for identification. Officer Zalaznik had no probable cause to stop and detain the Plaintiff.

20. Dickens asked why he needed her identification and Plaintiff stated he was just visiting his grandfather. They attempted to walk away but Defendant Officer Zalaznik told them to stop.

21. Defendant Zalaznik informed the Plaintiff and Ms. Dickens they were not free to leave until the investigation was finished. Officer Zalaznik stated the reason he stopped the Plaintiff was because, given the time of day, the nature of the call, the area, and vehicles leaving the area, he suspected that Plaintiff might have been involved in the fight.

22. At his point, a van pulls up and with two people, and they yell out to Officer Zalaznik that they called 911 and the people they were looking for were north on Miami Avenue. Defendant Zalaznik essentially ignores them and continues to direct his attention on the Plaintiff and Ms. Dickens.

23. The Plaintiff continues to try to walk away and each time they tried to disengage, Defendant Zalaznik told them to stop and they complied.

24. Plaintiff had his hands in his pockets and Defendant Zalaznik ordered him to remove them. Plaintiff complied.

25. Defendant Zalaznik again asked Plaintiff and Ms. Dickens to provide identification. Plaintiff stated he did not have any on his person but that it was in his truck, which was parked about 20 feet away, and started walking toward the truck.

26. Defendant Zalaznik told him to stop and said verbal identification would be acceptable. Plaintiff and Ms. Dickens provided their names.

27. Defendant Zalaznik radioed their names to dispatch to check for any outstanding warrants and out neither had one.

28. Defendant Zalaznik did not have probable cause to stop and detained the Plaintiff.

29. Defendant's Officers Shippert and Thompson arrive on scene.

30. Defendant Shippert saw Plaintiff put his hands in his jacket pockets and told him to remove them, Plaintiff did so.

31. Defendant Zalaznik asked if he could conduct a pat down search for weapons. Plaintiff objected stating he had done nothing wrong and refused.

32. Plaintiff put his hands back in his pockets and Defendant's Zalaznik and Shippert attempted to grab Plaintiff's arms.

33. Plaintiff tried to get away from the Officers and started to flee but quickly slipped on the ice and fell.

34. Defendant's Zalaznik, Shippert, and Thompson all proceeded to tackle and handcuff the Plaintiff and search his person. This arrest was done without probable cause and the subsequent search was unlawful and done without legal authority.

35. Defendant, Officer Sanders (kna) Marcum also participated in the Plaintiff's arrest and illegal seizure.

36. As a result of the illegal arrest and seizure the Defendants recovered, cocaine, cannabis, and $560.00 cash and a firearm.

37. The illegal search and seizure of the Plaintiff was the proximate cause of Plaintiff's charges and convictions for armed violence, unlawful possession of a controlled substance with intent to deliver, unlawful possession of a firearm by a felon, and unlawful use of weapons.

38. The Plaintiff was eventually sentenced to serve 15 years in the Department of Corrections on the armed violence charge, 15 years on the unlawful possession of a controlled substance with intent to deliver charge, and 14 years on the unlawful possession of a firearm charge. He was also sentenced to 364 days on the unlawful use of weapons charge and 30 days on the cannabis charge. All sentences to run concurrently.

39. On October 30, 2012, the Appellate Court of Illinois, Second District affirmed his convictions but vacated Plaintiff's conviction for possession of a controlled substance with intent to deliver, which was included in the armed violence conviction.

40. On February 15, 2013, the Plaintiff filed his petition for postconviction relief alleging his appellate counsel was ineffective. The trial court dismissed his petition as frivolous and patently without merit. The Plaintiff appealed the decision to the Illinois Appellate Court, Second District.

41. On April 8, 2015, the Appellate Court for the Second District ruled the Plaintiff had stated an arguable claim of ineffective assistance of counsel. That the trial court erred in dismissing Plaintiff's postconviction petition and remanded the matter back to the trial court.

42. In that same opinion, the Appellate Court also found that:

   a. police officers lacked reasonable suspicion to conduct investigatory stop;

   b. officers did not have reasonable belief supporting frisk for weapons;
   c. defendant (Plaintiff) did not commit resisting or obstructing a police officer by fleeing; and
   d. evidence obtained following defendant's flights was required to be suppressed.

43. After remand, the trial court issued a new opinion and order on December 18, 2018. The trial court found the Plaintiff's original postconviction petition must granted and ordered the physical evidence in the case suppressed.

44. Thereafter, the State appealed the trial court's decision and order to the Appellate Court of Illinois, Second District.

45. On June 4, 2020, the Appellate Court found the trial court had utilized the wrong standard but affirmed the decision suppressing all the physical evidence against the Plaintiff, and in effect, vacated all the convictions against the Plaintiff.

46. Thereafter, the State appealed this decision to the Illinois Supreme Court.

47. On or about October 28, 2020, the Illinois Supreme Court granted the State's Motion to Dismiss the pending appeal of this case.

48. This last act vacated the Plaintiff's convictions with finality and now the Plaintiff seeks relief based on the 4th Amendment violations of illegal search and seizure.

49. The Defendant's collectively with no probable cause conducted an illegal arrest, search and seizure of the Plaintiff.

50. Without justification whatever, Defendants, Zalaznik, Shippert, Thompson, and Marcum (fna) Sanders agreed to and did charge the Plaintiff with the following offenses: armed violence, unlawful possession of a controlled substance with intent to deliver, unlawful possession of a firearm by a felon, and unlawful use of weapons.

51. Because of Defendant's malicious charges against the Plaintiff, plaintiff was detained and incarcerated for over 13 months.

52. By means of their unlawful detention of Plaintiff and the malicious charges they placed against him, Defendant's Zalaznik, Shippert, Thompson, and Marcum (fna) Sanders intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of his right to be free of unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

WHEREFORE, The Plaintiff demands judgment against the Defendants, Officers Zalaznik, Shippert, Thompson, and Marcum (fna) Sanders, jointly and severally, for

compensatory damages in an amount greater than $100,000.00, and further demands against each defendant jointly and severally, for punitive damages in an amount greater than $100,000.00, plus costs of this action and such other relief as to this Court seems just, proper, and equitable.

## COUNT II

53. Plaintiff alleges and realleges Paragraphs 1 through 52 as though fully set forth here.

54. Defendants illegal search and abuse of the Plaintiff committed intentionally, either with malice or without malice, deprived Plaintiff of his right to be free of unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution of the United States and protected under 42 U.S.C. §1983.

WHEREFORE, The Plaintiff demands judgment against the Defendants, Officers Zalaznik, Shippert, Thompson, and Marcum (fna) Sanders, jointly and severally, for compensatory damages in an amount greater than $100,000.00, and further demands against each defendant jointly and severally, for punitive damages in an amount greater than $100,000.00, plus costs of this action and such other relief as to this Court seems just, proper, and equitable.

## COUNT III

55. Plaintiff alleges and realleges Paragraphs 1 through 54 as though fully set forth here.

56. As a result of malicious charges placed against the Plaintiff by Defendants, Officers Zalaznik, Shippert, Thompson, and Marcum (fna) Sanders, and as a result of the further tortious acts of some or all of the Defendants, Freeport Police Department and others, including the seizure of his $650.00, Plaintiff was deprived of his property and use of his property, without due process of law, in violation of the guarantees of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

WHEREFORE, The Plaintiff demands judgment against the Defendants, Officers Zalaznik, Shippert, Thompson, and Marcum (fna) Sanders, jointly and severally, for compensatory damages in an amount greater than $100,000.00, and further demands against each defendant jointly and severally, for punitive damages in an amount great than $100,000.00, plus costs of this action and such other relief as to this Court seems just, proper, and equitable.

PLAINTIFF REQUEST TRIAL BY JURY


Respectfully submitted,
Phillip M. Shipp, Plaintiff


By:/s/ Rene Hernandez
Rene Hernandez
Law Office of Rene Hernandez, P.C.
1625 East State Street
Rockford, Il 61104
(815) 387-0261
Rensone@aol.com